# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MAMADOU DIALLO, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:10-CV-1513-M-BH |
| ) | |
| CELESTICA CORP. and ADECCO, Inc., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Plaintiff's *Motion to Proceed In Forma Pauperis*, filed August 3, 2010 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be dismissed for want of prosecution.

## I. BACKGROUND

Plaintiff filed this case and moved to proceed *in forma pauperis* on August 3, 2010. On August 4, 2010, the Court sent him an Additional Financial Information Questionnaire ("AFIQ") to obtain more information about his and financial status. Based on the information in Plaintiff's response to the AFIQ, dated August 13, 2010, the Court found that Plaintiff had enough assets to pay the filing fee. (*See* doc. 6.) He was given thirty days to pay the full filing fee of $350.00. *Id.* The order specifically warned that failure to timely pay the filing fee could result in dismissal of the case for failure to prosecute. *Id.* Plaintiff has not paid the fee or filed anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).

Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff has provided an affidavit in support of his motion and has completed an "Additional Financial Information Questionnaire". These documents show that with his wife's income, his monthly household income is approximately $2,750.00, and they have approximately $300.00 in a bank account. Plaintiff's mother is the only identified dependent. Plaintiff has monthly household expenses of $1,896.00, and pays approximately $ 300.00 per month for a car loan. Because Plaintiff has sufficient assets, he will not suffer undue financial hardship after payment of the $350.00 filing fee, and his motion to proceed *in forma pauperis* should be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated August 17, 2010, Plaintiff was given 30 days to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this action. Because he failed to comply with an order that he pay the filing fee within thirty days, his complaint should be dismissed.

## IV. RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** on this 21st day of September, 2010.

                                                   IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                   IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE