# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| MAMADOU DIALLO, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | No. 3:10-CV-1513-M-BH |
| CELESTICA CORP. and ADECCO, Inc., | ) |  |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Defendant Celestica LLC's Motion to Quash Service and to Dismiss* (doc. 56), filed June 10, 2011. Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

Plaintiff filed this employment discrimination case against the defendants, Celestica Corp. ("Celestica"), and Adecco Inc. ("Adeco"), on August 3, 2010. (doc. 1.) The Court determined that he had not satisfied the requirements for proceeding *in forma pauperis* on August 17, 2010, and he paid the filing fee on October 13, 2010. (docs. 6, 12.) On October 14, 2010, the Court issued an order informing him that he was responsible for serving each defendant with a summons and a copy of the complaint as provided by Fed. R. Civ. P. 4(c), and that the case was subject to dismissal without prejudice if the defendants were not served within 120 days as provided by Fed. R. Civ. P. 4(m). (doc. 12.) Despite the passage of more than 120 days from the filing of the suit and from the October 14 order, Plaintiff failed to file a valid proof of service on the defendants, and defendants failed to file an answer or response to the complaint.

On February 21, 2011, the Court ordered Plaintiff to file a valid return of service or show good cause in writing why service could not be made. (doc. 20.) On February 23, 2011, he filed a return of service. (doc. 22.) On February 25, 2011, he timely filed a response to the show cause order stating that he had properly served the defendants on February 23, 2011, and attached copies of United States Postal Service tracking information, certified mail receipts (without green cards), and correspondence and filings by counsel for Adecco, dated February 24, 2011. (doc. 23.) Counsel for both defendants had filed their notices of appearance by that date. (docs. 17, 21.) By order dated March 1, 2011, the Court found that Plaintiff had complied with the order to show cause. (doc. 24.)

As of March 23, 2011, the defendants had still not filed answers or dispositive motions. The Court therefore issued a second order to show good cause in writing why service could not be made. (doc. 28.) It noted that after more than seven months from the filing of suit, neither defendant appeared to have been properly served in accordance with Fed. R. Civ. P. 4(m), Plaintiff had still not filed a valid return of service, and the case was subject to dismissal for failure to file a valid return of service pursuant to Fed. R. Civ. P. 4(m). (*Id.*) The Court notified Plaintiff that if he failed to fully comply with the order by showing valid service, it would recommend dismissal of his case without further notice for failure to prosecute. (*Id.*) Plaintiff then filed several documents showing his attempts at service on defendants through their registered agents. (docs. 30, 31, 34, 35.) Each of his filings regarding service on the defendants showed that he had attempted to serve them himself. (*Id.*)

By order dated April 26, 2011, the Court held that Plaintiff's attempts to serve the defendants were ineffective, but found that there was good cause for his failure to properly serve the defendants. (doc. 38.) It *sua sponte* extended the 120-day deadline for service for an additional 60 days from

the date of the order to allow Plaintiff a final opportunity for proper service. (*Id.*) On May 17, 2011, Plaintiff obtained a reissued summons against Celestica and served Celestica's registered agent through a third party. (docs. 43, 48.) Celestica now moves to quash this latest attempt at service and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (doc. 56.)

## II. ANALYSIS

Celestica does not dispute the validity of the service. It argues only that there was no good cause permitting the Court to allow an extension of time for Plaintiff's latest service attempt, and no basis for exercising its discretion to grant that extension. (doc. 56.) It contends that dismissal is required because there is a record of delay and contumacious conduct by Plaintiff, lesser remedies would not better serve justice, and Plaintiff caused the delay in service. (*Id.*)

**A. Legal Standard**

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Proper service must be made within 120 days of filing a complaint or the action is subject to dismissal, without prejudice. Fed. R. Civ. P. 4(m). Dismissal for failure to timely make proper service is not appropriate, however, "if the plaintiff shows good cause for the failure" to properly effect service. *Id.* If the plaintiff meets his burden of showing good cause, a court should extend the time to serve the defendant. *See id.*; *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)

(quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).  A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit, the defendant would not suffer any prejudice by the court extending the 120-day deadline, and the plaintiff would be severely prejudiced if his or her complaint were dismissed.  *Hickman v. U.G. Lively,* 897 F. Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Good cause notwithstanding, a district court may, in its discretion, decide to dismiss the case or extend time for service of process.  *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *see also Shabazz v. Serv. Emps. Int'l Union*, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citing *Cross v. City of Grand Prairie*, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998)).  Relevant factors for a court to consider in exercising this discretion include a plaintiff's *pro se* status and good faith attempt to effect service of process, and avoidance of further delay and unnecessary expense.  *See Monroe v. Texas Util. Co.*, 2002 WL 413866, at *2–3 (N.D. Tex. Mar. 11, 2002) (granting an opportunity to effect proper service of process where *pro se* plaintiff had made a good faith, albeit misguided, effort to obtain service on defendant, and determining that the plaintiff should receive assistance with effecting proper service in order to avoid further delays and unnecessary expense).  If the Court decides to dismiss based on insufficient service of process, the dismissal is generally without prejudice.  Fed. R. Civ. P. 4(m).

Where, however, a statute of limitation would bar a plaintiff from refiling his case, the dismissal operates as a dismissal with prejudice.  *Reynold's v. Dallas Cnty.*, 2009 WL 2591192, at *2 (N.D. Tex. Aug. 21, 2009).  Such a dismissal is subjected to a heightened standard of review and is considered warranted only if the court finds that there is a clear record or delay or contumacious conduct by the plaintiff, and a lesser sanction would not better serve the interests of justice.  *Millan*

4

*v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). To warrant such a dismissal, the delay must be longer than just a few months and must be characterized by significant periods of total inactivity. *Id.* at 327. A dismissal with prejudice is generally warranted for delays that are egregious and sometimes outrageous, essentially involving conduct that threatens the integrity of the judicial process, often to the prejudice of the defense, and leaves the court no choice but to deny the plaintiff its benefits. *Id.* In the same vein, a party's conduct, no matter how careless, inconsiderate, or understandably exasperating, must be more than mere negligence in order to be contumacious; "it is the stubborn resistance to authority which justifies a dismissal with prejudice." *See id.* (citations and internal quotation marks omitted). The Fifth Circuit, in affirming dismissals, has generally found at least one of three aggravating factors: delay caused by plaintiff himself, and not his or her attorney; actual prejudice to the defendant; or delay caused by intentional conduct. *Id.* at 326.

**B. Good Cause**

As expressly found in the Court's previous order dated April 26, 2011, Plaintiff was entitled to an extension of time for service because there was good cause for his failure to properly serve the defendants, and the Court had a proper basis to exercise its discretion. As explicitly pointed out in the order, Plaintiff is proceeding *pro se*, has paid the necessary filing fee, and has demonstrated good faith by repeatedly attempting to properly serve the defendants in response to their correspondence and orders of the Court. The defendants, moreover, are well aware of this action, as demonstrated by their attorneys' entry of notices of appearance in this case. Finally, because Plaintiff may be time-barred from refiling his case, the resulting dismissal without prejudice may operate as a dismissal with prejudice, which is not warranted in this case. Although the case has

5

been pending for a few months, the resulting delay has not been egregious or outrageous with long periods of inactivity, does not involve conduct threatening the integrity of the judicial process, and does not prejudice the defendants in any way. Further, Plaintiff's conduct in this case is not contumacious because it does not involve a stubborn resistance to authority, but a good faith attempt to serve defendants. Given these circumstances, the additional time that the Court allowed for service of process was proper and meant to avoid further delay and unnecessary expense for the parties. *See Monroe*, 2002 WL 413866, at *2-3. Plaintiff's final service attempt on Celestica within the additional time allowed by the Court should not be quashed and the case should not be dismissed.

### III.  CONCLUSION

Defendant Celestica's motion to quash service and to dismiss should be **DENIED**.

**SO RECOMMENDED** on this 14th day of June, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE