**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MAMADOU DIALLO,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:10-CV-1513-M |
| § | |
| **CELESTICA CORP., et al.,** § | |
| § | |
| **Defendant.** § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant Celestica LLC's Motion for a More Definite Statement*, filed August 4, 2011 (doc. 64). Based on the relevant filings and applicable law, the motion is **DENIED.**

**I. BACKGROUND**

*Pro se* plaintiff Mamadou Diallo (Plaintiff) filed this case against Celestica LLC.[1] (Celestica), and Adecco USA, Inc. (Adecco),[2] on August 3, 2010, alleging race discrimination and retaliation. (doc. 1.) Attached to his complaint is a 107-page investigative file from the Equal Employment Opportunity Commission (EEOC), including his charge of discrimination that states:

> During the period of time between mid March when I was hired by Celestica Corporation through the Adecco placement company, I was subjected to discriminatory treatment because of my race. I was not given work or direction so that I could perform my job. During the time I worked there, I was supervised by Ed

---

[1] Although the style of the complaint names Celestica Corp. as a defendant, the motion at issue states that effective December 8, 2010, Celestica Corp. converted into Celestica LLC. (*See* Mot. at 1.)

[2] Adecco has been terminated as a party pursuant to the *Joint Stipulation of Dismissal of Defendant Adecco USA, Inc., with Prejudice* filed by Plaintiff and Adecco on August 23, 2011. (*See* doc. 67)

> Rogers. I was advised by Evelyn Iku at Adecco that at a meeting during which both Celestica and Adecco employees were present Mr. Rogers advised Evelyn "not to bring in black people to work for the company." On June 16, 2008 I made a written complaint to the President/CEO, Mr. Craig Muhlhauser, specifically alleging race discrimination. One June 18, 2008, I was told that I was no longer needed at the company . . . I was told that they decided to let me go because business had slowed down . . . I believe I have been discriminated against and retaliated against in violation of the Title VII of the Civil Rights Act of 1964, as amended and Chapter 21 of the Texas Labor Code based on my race.

(*Id.*, pp. 13-16.) Celestica now moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (doc. 64.) With a timely filed response[3] (doc. 66) and reply (doc. 68), the motion is now ripe for determination.

## II. MOTION FOR A MORE DEFINITE STATEMENT

Celestica moves for a more definite statement on grounds that the one page-complaint asserts nothing other than "racial discrimination/ retaliation", does not incorporate the attached EEOC investigative file or any portion thereof, and fails to satisfy the notice pleading requirements of Fed. R. Civ. P. 8. It argues that merely attaching voluminous documents to a complaint that fails to allege a facially plausible claim, and fails to incorporate any portion of the attached documents, does not satisfy the requirements of Rule 8(a).

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Whether to grant a Rule 12(e) motion for more definite statement is within the court's sound discretion. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653-54 (N.D. Tex. 2004). Such

---

[3] On August 22, 2011, Plaintiff filed a document requesting the court not to schedule any hearings between August 25 and September 25, 2011, because he was traveling out of the country. (doc. 66, p. 1.) The document also contained a section entitled "Statement and Brief in Support" which made substantially the same allegations made in his EEOC charge. (*Id.* at 2.) That section is construed as a response to Celestica's motion for a more definite statement.

2

motions are generally "disfavored" and only used to remedy "an unintelligible pleading" rather than to provide additional detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001) (quoting *Frazier v. Se. Pa. Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)); *accord Travelers Indem. Co. of Conn.*, 313 F. Supp. 2d at 653-54.

A party may rely on a motion for a more definite statement to test the notice pleading requirement of Rule 8(a). *See Turner v. Pavlicek*, 2011 WL 4458757, at * 16 (S.D. Tex. Sept. 22, 2011) (citing 5 Federal Practice and Procedure § 1203); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 8 requires only that a complaint provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. To comport with Rule 8(a), the complaint must either: "(1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999).

Here, on its face, Plaintiff's complaint lists the claims he seeks to assert, but fails to provide any factual or legal allegations to support them. However, examination of the documents attached to his complaint reveals not only the allegations forming the basis of his complaint, but also the circumstances that give rise to his discrimination and retaliation claims. When read along with the attachments, his complaint comports with the notice pleading requirements of Rule 8(a). "It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). Therefore, determining the factual sufficiency of a *pro se* complaint, compels an examination of all of the complaint, including the attachments. *See Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (per curiam);

3

(citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) for its holding that a district court erred in ruling on a 12(b)(6) motion when it failed to consider other documents as part of *pro se* inmate's complaint). Since Plaintiff's complaint and attachments, taken together, comport with the notice pleading requirement of Rule 8(a), there is no need for him to file a more definite statement.[4]

### III. CONCLUSION

Defendant Celestica's motion for a more definite statement is **DENIED**.

**SO ORDERED on this 28th day of November, 2011.**

                                                                                 IRMA CARRILLO RAMIREZ
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] Celestica relies on *Muttathottil v. Gordon H. Mansfield*, 381 F. App'x 454 (5th Cir. 2010) to argue that the voluminous documents attached to Plaintiff's complaint do not cure its pleading deficiencies because it does not refer or incorporate those documents. Celestica specifically relies on language in *Muttathottil* stating that "mere reference to a sixty-five-page administrative decision in which [plaintiff's] additional claims are purportedly described is insufficient to meet Rule 8's pleading requirements." 381 F. App'x at 457. However, the *Muttathottil* decision is distinguishable for two reasons: the plaintiff in that case was not proceeding *pro se*, and he had not attached the administrative decision or the claims at issue to his complaint. *Id.* at 456-47. In contrast, Plaintiff her is proceeding *pro se*, has attached the EEOC investigative file to his complaint, and has specifically stated the claims he seeks to assert in the complaint as well as in his EEOC charge.