IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAMADOU DIALLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1513-M(BH) |
| | § | |
| CELESTICA CORP., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management. Before the Court for recommendation is the plaintiff's letter, filed November 19, 2012 (doc. 99), requesting to withdraw his claims against Celestica LLC. Based on the relevant filings and applicable law, the plaintiff's request should be **GRANTED**, and the case should be dismissed without prejudice. The defendant's request for costs should be **DENIED**.

**I. BACKGROUND**

Mamadou Diallo (Plaintiff) filed a *pro se* complaint against Celestica LLC[1] (Defendant) and Adecco USA, Inc.,[2] on August 3, 2010.[3] (*See* doc. 1.) He alleged racial discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3(a) (1964). Between December 13, 2010 and May 19, 2011, Plaintiff tried to serve Defendant with process at least six times. On June 6, 2011, Defendant filed a motion to quash service as insufficient and to dismiss the action. (*See* doc. 56.) The motion was ultimately denied.

---

[1] Effective December 28, 2010, Celestica Corp. changed its corporate name to Celestica LLC. (*See* doc. 56-1 at 5 n. 1.)

[2] Adecco has been terminated as a party pursuant to the *Joint Stipulation of Dismissal of Defendant Adecco USA, Inc., with Prejudice* filed by Plaintiff and Adecco on August 23, 2011. (*See* doc. 67.)

[3] On that date, Plaintiff also filed a motion for leave to proceed in forma pauperis and a motion for the appointment of counsel. (*See* docs. 2, 3.) Both motions were denied. (*See* docs. 6, 7.)

(*See* docs. 57, 62.) Defendant then filed a motion for a more definitive statement on August 4, 2011. (*See* doc. 64.) That motion was denied as well on November 28, 2011. (*See* doc. 70.)

After Defendant answered, and the parties filed their scheduling proposals, the Court entered a scheduling order on January 4, 2012. (*See* doc. 77.) The order set a discovery deadline of January 11, 2013, and a dispositive motion deadline of February 8, 2013. *Id.* On October 10, 2012, Defendant moved to compel Plaintiff to provide initial disclosures and responses to its discovery requests. (*See* docs. 81, 82.) A discovery hearing was scheduled for October 30, 2012, and reset to October 31, 2012, at Plaintiff's request. (See docs. 83, 86, 88.) After the hearing, the Court granted Defendant's motions and ordered Plaintiff to provide his disclosures and to respond to Defendant's discovery requests. (*See* doc. 90, 91.) On November 16, 2012, Plaintiff filed a motion for a discovery hearing, and one was scheduled for December 5, 2012. (*See* docs. 96, 98.) Prior to the date of the hearing, on November 19, 2012, Plaintiff filed his request to withdraw the case against Defendant as a result of worsening health issues. (*See* doc. 99.)

## II. ANALYSIS

Plaintiff's *pro se* request to withdraw his case is liberally construed as a motion under Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files either an answer or a motion for summary judgment, and if it does not consent to the voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court.

*Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.

**A.     Prejudice**

Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). In those cases where plain legal prejudice has been found, courts have often noted a combination of these factors. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments,

and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

  Here, only one of the relevant factors is present. Plaintiff filed his complaint alleging racial discrimination and retaliation on August 3, 2010. Between December 2010 and May 2011, he attempted six different times to serve Defendant with a summons and copy of the complaint. Defendant initially filed a motion to dismiss and a motion for a more definite statement before it ultimately answered, and both sides have filed discovery motions. Although Plaintiff moves to dismiss the case after more than two years of federal litigation, the case is still in a relatively early stage. Discovery is not yet complete, no summary judgment motions have been filed, and a trial date has therefore not yet been set. Plaintiff moves to dismiss the action based on his health, not to avoid any imminent adverse ruling.

  While Defendant has expended some time and effort to defend this case, the facts in this case

do not rise to same level of time and effort exerted in those cases where plain legal prejudice has been found. Defendant has not provided evidence of significant expenses that it incurred during the discovery process or litigation. Nor is there any allegation that Defendant would be deprived of any defense as a result of a voluntary dismissal. In fact, as Defendant notes, even a dismissal without prejudice in this case will effectively be a dismissal with prejudice because of Title VII's applicable statute of limitations. *Id.* at 4-5 (citing 42 U.S.C. § 2000e-5(f) (requiring suit to be filed within 90 days of receipt of right to sue letter from EEOC). Accordingly, the Court finds that no plain legal prejudice exists from granting the motion.

**B.     Costs**

Here, Defendant does not object to dismissal without prejudice as long as the Plaintiff has to pay its costs. (*See* doc. 104 at 1.)

Upon a finding of plain legal prejudice, courts may either deny the motion outright or "craft conditions that will cure the prejudice". *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (quoting *Elbaor*, 279 F.3d at 317-18). Curative conditions prevent unfair prejudice to the other side. *Id.* Courts "must be careful to craft conditions that are not overbroad." *Elbaor*, 279 F.3d at 320. Dismissal with prejudice is one option. *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163. One of the curative conditions most often imposed is the assessment of the fees and costs of the dismissed defendant. *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) (affirming assessment of fees as a curative condition where motion to dismiss was filed on the first day of trial) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F. 2d 601, 603 (5th Cir. 1976)). Curative conditions should be designed to protect the defendant, not disadvantage or unduly burden the plaintiff. *LeCompte*, 528 F.2d at 604-05.

Here, the Court has already determined that Defendant has not shown plain legal prejudice.

For this reason, no curative conditions, such as dismissal with prejudice, or an award of fees and costs are warranted.

### III.  RECOMMENDATION

Plaintiff's request to dismiss this action should be **GRANTED** unconditionally, and the case should be dismissed without prejudice.  Defendant's request for costs should be **DENIED**.

**SO RECOMMENDED** on this 19th day of August, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE