**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MAMADOU DIALLO,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 3:10-CV-1513-M (BH) |
| § | |
| **CELESTICA CORP., et al.,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been referred for pretrial management. Before the Court is the plaintiff's *Motion*, filed March 24, 2014 (doc. 112), seeking to reopen his closed case. Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On August 3, 2010, Mamadou Diallo (Plaintiff) filed a *pro se* complaint against Celestica LLC[1] (Defendant) and Adecco USA, Inc.,[2] alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3(a) (1964). (*See* doc. 1.) After Defendant answered, and the parties filed their scheduling proposals, the Court entered a scheduling order on January 4, 2012. (*See* doc. 77.) On November 19, 2012, Plaintiff sought to "withdraw charges" against Defendant due to his worsening health. (*See* docs. 99.) His request, which was filed before discovery was complete or summary judgment motions had been filed, was liberally construed as a motion to voluntarily dismiss his motion under Fed. R. Civ. P. 41(a)(2). (*See* docs. 108, 110.) The Court denied Defendant's request for

---

[1] Effective December 28, 2010, Celestica Corp. changed its corporate name to Celestica LLC. (*See* doc. 56-1 at 5 n. 1.)
[2] Adecco has been terminated as a party pursuant to the *Joint Stipulation of Dismissal of Defendant Adecco USA, Inc., with Prejudice* filed by Plaintiff and Adecco on August 23, 2011. (*See* doc. 67.)

costs, granted the motion unconditionally, and dismissed the case without prejudice on August 26, 2013. (*See* doc. 110, 111.) On March 24, 2014, Plaintiff filed a one-sentence motion seeking to reopen the case. (*See* doc. 112.)

## II. ANALYSIS

The plaintiff's request to reopen his case may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dept. of Criminal Justice, Institutional Div.* 79 Fed.App'x 61, 62 (5th Cir.2003) (construing prisoner's motion to reopen § 1983 civil rights action as arising under Rule 60(b)) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir.1998)); *Heath v. Thomas*, 3:99-CV-2277-D, 2007 WL 2229056, *1 (N.D. Tex. Jul. 31, 2007) (construing pro se motion to reinstate and reopen case as a Rule 60(b) motion).[1]

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Relief from judgment under Rule 60(b)(6) will only be granted in cases involving extraordinary circumstances. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002).

Here, Plaintiff's one-sentence motion to reopen does not assert any of the bases for relief

---

[1] Because Plaintiff's motion was filed seven months after the dismissal of his case, it falls under Rule 60(b) rather than Rule 59(e). *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).

set forth in Rule 60(b)(1)-(5).  It also does not allege, much less show, exceptional or extraordinary circumstances such that denial of any motion under Rule 60(b)(6) would be "so unwarranted as to constitute an abuse of discretion."  *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010); *see also Figgs v. Clay*, 64 Fed. App'x 417 (5th Cir. 2003) (affirming denial of Rule 60(b)(6) motion seeking to reinstate case that was voluntarily dismissed under Rule 41(a)(2)).  The motion provides no basis for relief under Rule 60(b).

### III. RECOMMENDATION

Plaintiff's motion to reopen this case should be **DENIED**.

**SO RECOMMENDED on this 30th day of December, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 20 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE